UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11316-GAO

ROBERT E. MARINI,
d/b/a NATIVE LANDSCAPES
Plaintiff,

v.

DRAGADOSUSA, INC.,
Defendant.

ORDER
September 11, 2012

O'TOOLE, D.J.

The plaintiff alleges that the defendant has violated 16 C.F.R. Part 238 (regulations promulgated by the Federal Trade Commission pertaining to "bait advertising") and that a contract between the defendant and the United States Government should be rescinded pursuant to 48 C.F.R. § 3.7 (portion of the Federal Acquisition Regulation pertaining to voiding or rescinding contracts). The defendant has moved to dismiss the plaintiff's claims.

The plaintiff's 16 C.F.R. Part 238 claim fails for several reasons. First, the Federal Trade Commission Act, which is implemented in part by the regulation, does not provide a cause of action by private persons such as the plaintiff. See Holloway v. Bristol-Myers Corp., 485 F.2d 986, 1002 (D.C. Cir. 1973). Second, even if the Federal Trade Commission Act did provide a private right of action, the Complaint does not allege facts sufficient to support the plaintiff's claim. See Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008). Finally, the plaintiff himself concedes that he is not entitled to relief under 16 C.F.R. § 238. (See Pl.'s Response 3 (dkt. no. 11).)

The plaintiff's claim that the defendant's contract with the United States Government should be rescinded is insufficient for similar reasons. The Federal Acquisition Regulation ("FAR") sets forth policies for acquisitions by government executive agencies. See 48 C.F.R. § 1.101. The FAR does not provide a cause of action for a private contractor, such as the plaintiff, against another private contractor, such as the defendant. See C&H Contracting of MS, LLC v. Lakeshore Eng'g Servs., No. 1:07CV700, 2007 WL 2461017, at *2 (S.D. Miss. Aug. 24, 2007). Even if 48 C.F.R. § 3.7 provided the plaintiff with a legitimate cause of action, the Complaint does not allege sufficient facts to survive the defendant's Motion to Dismiss. See Gagliardi, 513 F.3d at 305. Finally, the plaintiff here, too, concedes that he is not entitled to relief under 48 C.F.R. § 3.7. (See Pl.'s Response 3.)

The plaintiff's Response to the defendant's Motion to Dismiss suggests he wishes to raise a new claim based on the Small Business Jobs Act of 2010. In assessing a motion to dismiss, a court generally considers only those facts alleged in the complaint itself. Mihos v. Swift, 358 F.3d 91, 99 (1st Cir. 2004). However, even if the Court here were to consider facts alleged in the plaintiff's Response, the Small Business Jobs Act of 2010 also does not provide a cause of action for a private contractor disappointed by a losing bid. See John C. Holland Enters., v. J.P. Mascaro & Sons, 653 F. Supp. 1242, 1244 (E.D. Va. 1987)., The plaintiff's additional allegations about procedural matters do not cure the pleading shortcomings of the plaintiff's complaint.

Accordingly, the Motion to Dismiss (dkt. no. 7) is GRANTED. The complaint is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge